IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Vanguard Fiduciary Trust Company, ) | | |
| as trustee for the Burlington Northern ) | | |
| Santa Fe Investment and Retirement Plan, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Civil Case No. 3:08-cv-44 | |
| ) | | |
| ) | | |
| Dana L. Stuart and Elisha N. Kabanuk, ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT AND RECOMMENDATION

In this interpleader action plaintiff Vanguard Fiduciary Trust Company, as trustee for the Burlington Norther Santa Fe Investment and Retirement Plan, seeks a determination of the respective rights of the defendants to the retirement funds plaintiff holds for the benefit of Lou Ann Tompkins, deceased. Defendant Dana Stuart answered the complaint and filed a cross-claim against defendant Elisha Kabanuk, alleging that Ms. Kabanuk and her mother, Lou Ann Tompkin's sister and appointed guardian/conservator, used undue influence to cause Lou Ann Tompkins to change the beneficiary designation on her retirement account from Ms. Stuart to Ms. Kabanuk, and that Lou Ann Tompkins lacked the legal capacity to make the change. Defendant Kabanuk has moved for dismissal of the cross-claim, contending it is not a proper cross-claim. Defendant Stuart resists the claim.

Interpleader is a vehicle by which the holder of a stake, facing multiple claims to the fund, may bring the fund before the court and join the competing claimants, thereby avoiding the burden of assessing the relative merit of the competing claims. See F.R.Civ.P. 22. The action

proceeds in two stages.  Wright & Miller, 7 Fed. Prac. & Proc. Civ.3dCh. 5, § 1714; Allstate Life Ins. V. Short, 2005 WL 1972551, *2 (S.D. Ohio 2005).  First, the court determines whether the stakeholder is entitled to interpleader relief.  If so, the court dismisses the stakeholder and realigns the claimants in order to determine their competing claims to the fund.  Id.

Defendant Kabanuk contends defendant Stuart's cross-claim does no more than her answer, in that it states her case for her alleged entitlement to the retirement account.  It does not seek relief directly from defendant Kabanuk. Technically, this is correct.  Defendant Stuart essentially alleges she is the proper beneficiary because Lou Ann Tompkins lacked the legal capacity to make a beneficiary change to Elisha Kabanuk, and defendant Kabanuk used undue influence on Tompkins to get her to sign the change of beneficiary form.

Rule 13, F.R.Civ.P., provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.  The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Defendant Stuart's claim does relate to the property that is the subject matter of the action, although the cross-claim does not allege defendant Kabanuk is liable to defendant Stuart; rather, defendant Stuart attempts to show entitlement to the fund by excluding defendant Kabanuk as a claimant.

Despite the imperfection of a cross-claim as a vehicle to present defendant Stuart's allegations, the court should allow the cross-claim to stand.  Pleadings in interpleader actions should be liberally construed, and mislabeled pleadings are treated according to their substance, not strictly by their title.  Wright & Miller, 7 Fed. Prac. & Proc. Civ.3d, Ch. 5, § 1715.  Once the

parties in an interpleader case are ready for a determination of the competing claims, "each claimant should respond to the claims of the other claimants by denying their validity so that issue is joined." Id.  At that point, the court may treat defendant Stuart's cross-claim as a complaint against defendant Kabanuk.  This court and other courts have allowed cross-claims between defendants in similar interpleader cases.  See, e.g., Prudential Ins. Co. of America v. Goodiron, 2008 WL 3992159 (D.N.D. 2008) (cross-claim alleged invalid life insurance beneficiary designation); Connecticut General Life Ins. Co. v. Smith, 2006 WL 4459292 (S.D. Ind. 2006) (cross-claim alleged murder of decedent by co-defendant);  Allstate Life Ins. V. Short, 2005 WL 1972551 (S.D. Ohio 2005) (cross-claim alleged undue influence by co-defendant); Jefferson Standard Ins. Co. v. Craven, 365 F.Supp. 861 (M.D. Pa. 1973) (cross-claim alleged undue influence).  This court should allow defendant Stuart's cross-claim to continue as well.

**IT IS RECOMMENDED** that defendant Kabanuk's motion to dismiss defendant Stuart's cross-claim (Doc. # 23) be **DENIED.**

### RIGHT TO OBJECT

Pursuant to Local Rule 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 13th day of January, 2009.

    /s/   Karen K. Klein
Karen K. Klein
United States Magistrate Judge