IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Vanguard Fiduciary Trust Company as trustee for the Burlington Northern Santa Fe Investment and Retirement Plan,<br><br>        Plaintiff,<br><br>        -vs-<br><br>Dana L. Stuart and Elisha N. Kabanuk,<br><br>        Defendants. | Case No. 3:08-cv-44<br><br>**ORDER ON PERMISSIBILITY OF INTERPLEADER ACTION AND REQUIRING PLAINTIFF TO DEPOSIT FUNDS WITH THE COURT** |

## BACKGROUND

Vanguard Fiduciary Trust Company ("Vanguard"), as trustee for the Burlington Northern Santa Fe Investment and Retirement Plan, filed this interpleader action. Vanguard is a Pennsylvania chartered trust company serving as trustee of Lou Ann Tompkins' 401(k) account. The account is valued between $270,000 and $280,000, depending on the market. Tompkins died on July 3, 2007. Defendants Dana L. Stuart and Elisha N. Kabanuk are each making a claim to Tompkins' entire 401(k) account.

In a beneficiary designation form dated February 3, 2002, Tompkins named Stuart as the sole beneficiary (Exh. A to the Interpleader Complaint). Stuart is the former companion of Tompkins and resides in Jamestown, North Dakota. In a subsequent beneficiary designation form dated July 2, 2007, Tompkins named Kabanuk as the sole beneficiary (Exh. B. to the Interpleader Complaint). Kabanuk is Tompkins' niece and resides in Fargo, North Dakota.

Vanguard states it is ready and able to disburse the funds in Tompkins' 401(k) account but cannot safely make such a payment without an adjudication of Defendants' respective rights. Both Defendants have answered and filed cross-claims. Stuart claims that on July 2, 2007, when Tompkins changed the beneficiary to Kabanuk, Tompkins lacked the capacity and competency

to comprehend or understand the nature and effect of her decision. Stuart also alleges that Kabanuk, in collusion with her mother, unduly influenced Tompkins to change the beneficiary.

### I. SUBJECT MATTER JURISDICTION

A party may bring an interpleader action under the rules of civil procedure or federal statute. Fed. R. Civ. P. 22(a)(1) provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Under 28 U.S.C. § 1335, federal district courts have original jurisdiction over any interpleader action valued at $500 or more if two or more adverse claimants of diverse citizenship, as defined by statute, are claiming an entitlement to a single fund. 28 U.S.C. § 1335. Although the concept of interpleader under the statute and the rules is similar, their jurisdictional differences are significant. Selective Ins. Co. of Am. v. Norris, 209 F.Supp.2d 580, 581 (E.D.N.C. June 13, 2002).

"'The central distinction between statutory interpleader and rule interpleader is the basis for a federal court's subject matter jurisdiction under each.'" Id. (quoting Commercial Union Ins. Co. v. United States, 999 F.2d 581, 584 (D.C. Cir. 1993)). Rule interpleader is only a procedural device, and it does not confer federal jurisdiction over a claim. 7 Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1710. As a result, an interpleader brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction, such as federal question or diversity jurisdiction. See St. Louis Union Trust Co. v. Stone, 570 F.2d 833 (8th Cir. 1978) (jurisdiction for interpleader action brought under Rule 22 is based upon the general jurisdiction statute applicable to civil actions in federal courts).

In contrast to rule interpleader, statutory interpleader confers jurisdiction on federal courts over certain interpleader claims. In plain terms, assuming the requisite jurisdictional

2

amount is met, statutory interpleader requires that at least two of the adverse claimants to a contested fund be of diverse citizenship, as defined in § 1332. Norris, 209 F.Supp.2d at 582; Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc., 200 F.Supp.2d 689, 695 (E.D.K.Y. 2002). Thus, it is irrelevant whether the stakeholder holding the money is actually diverse from the claimants. 7 Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1710. Likewise, lack of diversity among the claimants cannot be cured by the fact that the stakeholder is diverse from some or all of the claimants. Id.

In the present case, the claimants do not have the requisite diversity to support jurisdiction under the statutory interpleader rules, as Vanguard alleges, because both Defendants are citizens of North Dakota. However, if a stakeholder alleges all essential elements of a federal rule interpleader action, the court should construe the pleadings as stating a claim based on the rule, even if the pleadings only refer to the interpleader statute, and convert the action if the requirements for general diversity jurisdiction are met. 44B Am. Jur. 2d Interpleader § 32.

The general diversity statute, 28 U.S.C. § 1332, supports federal jurisdiction in interpleader actions if there is diversity between the party seeking interpleader and the adverse claimants, even if all of the rival claimants are citizens of the same state. 36 C.J.S. Federal Courts § 139; Leimbach v. Allen, 976 F.2d 912, 916 (4th Cir. 1992); Hunter v. Federal Life Ins. Co., 111 F.2d 551, 555 (8th Cir. 1940). While the claimants in this case are both North Dakota citizens, the stakeholder is a Pennsylvania company. Further, the amount in controversy exceeds $75,000. Thus, the Court finds this case was properly brought as an interpleader action, but should have been brought under Fed. R. Civ. P. 22, and not 28 U.S.C. § 1335. The Court, therefore, will convert this action to an interpleader under Fed. R. Civ. P. 22.

## II.     PERMISSIBILITY OF INTERPLEADER ACTION

Interpleader is a remedy involving two stages.  In the first stage, the court determines the right of the party invoking the remedy to compel the claimants to litigate their claims in one proceeding.  7 Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1714.  During this stage, the court is to consider whether the prerequisites for rule or statutory interpleader have been met, including the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if necessary, the sufficiency of the stakeholder's deposit or bond.  Id.  The burden is on the party seeking interpleader to establish that the requirements are satisfied.  Id.

No party has contested the validity of the interpleader action.  The Court has already determined the requirements for subject matter jurisdiction under Fed. R. Civ. P. 22 have been met. The Court further finds the claim by each Defendant to Tompkins' 401(k) account are sufficiently adverse and Vanguard legitimately fears multiple vexation against a single fund. Facing these competing claims, Vanguard wisely elected to file an interpleader action so a court can authoritatively decide how the money should be distributed.  Vanguard, however, has not deposited a bond or the 401(k) account funds with the Court.  While the language in the federal interpleader statute requires either a deposit of the stake or a bond as a condition of jurisdiction, Rule 22 does not have a comparable requirement.  However, Fed. R. Civ. P. 67, allows a party to deposit money with the court by leave of court.  The Court finds the appropriate manner to secure the funds pending resolution of this litigation is to require Vanguard to deposit the funds with the Court pursuant to Fed. R. Civ. P. 67 and Local Rule 1.10.

Once the district court finds the interpleader action has been properly brought, the court may issue an order discharging a disinterested stakeholder, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants

to interplead. Here, the claimants have already filed their answers, brought cross-claims, and filed a summary judgment motion. Consequently, the Court **HEREBY ORDERS** as follows:

1. Vanguard is directed to deposit the entire amount currently being held in Ms. Tompkins' 401(k) account, estimated to be between $270,000 and $280,000, pursuant to Rule 67, Fed. R. Civ. P., and Local Rule 1.10, as follows:

    a. The funds shall be deposited in the local registry of the court and held until further order of the court.

2. Vanguard will be discharged as a party in this action and released from any liability, provided it deposits the entire proceeds held in Tompkins' 401(k) account as directed.

3. The Court will hold the issue of Vanguard's request for attorney's fees and costs in abeyance pending final resolution; however, Vanguard should promptly file with the Court an affidavit and supporting documents indicating the requested attorney's fees and costs.

4. Defendants are hereby enjoined and restrained from instituting or prosecuting any further proceedings in any state or federal court or against Vanguard or Burlington Northern Santa Fe with regard to the funds in Tompkins' 401(k) account.

As mentioned earlier, there is a "second stage" in an interpleader action. The second stage involves the determination of the respective rights of the adverse claimants. 7 Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1714. This stage proceeds like any other adversarial action. Id. The Court will address the respective rights of the Defendants and the summary judgment motion in a separate order.

**IT IS SO ORDERED**.

Dated this 15th day of September, 2009.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court